**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FABIAN SHAWL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2125** |
| **FREEDOM SPECIALTY INSURANCE COMPANY, ET AL.** | **SECTION "O"** |

**ORDER AND REASONS**

Before the Court in this car-accident case removed based on diversity jurisdiction after receipt of "other paper" is Plaintiff's motion to remand on untimeliness grounds.[1] Defendants fail to carry their burden to show that they timely removed this case within 30 days after receiving "other paper from which it may first be ascertained" that the amount in controversy was met and that the case was removable. 28 U.S.C. § 1446(b)(3). So Plaintiff's motion to remand is **GRANTED**.

**I.   BACKGROUND**

Plaintiff challenges the timeliness of the diversity-based "other paper" removal of this car-accident case. So dates are important.

On May 9, 2024, Plaintiff sued Defendants[2] in Orleans Parish Civil District Court to recover damages for injuries he suffered in a car accident.[3] He did not allege a "specific monetary amount of damages" or that the amount in controversy is more

---

[1] ECF No. 4.

[2] The petition identifies Freedom Specialty Insurance Company and Nationwide Mutual Insurance Company as the relevant automobile-liability insurers. ECF No. 1-1 at ¶ I. But Defendants clarify that National Casualty Company is the right insurer, ECF No. 1 at ¶ III, and Plaintiff does not dispute that clarification, ECF No. 4-1.

[3] ECF No. 1-1.

or less than the federal jurisdictional minimum.[4] *Cf.* LA. CODE CIV. PROC. ANN. art. 893(A)(1) (generally prohibiting pleading a "specific monetary amount of damages" in the petition). Instead, he made only a general damages allegation.[5]

On June 18, a claims adjuster affiliated with National Casualty Company sent Plaintiff's counsel an email asking about settling this case.[6] The claims adjuster "wanted to find out if [Plaintiff's counsel] would like to try and settle [Plaintiff's] case before either of us spend the time and money defending what appears to be a minor case."[7] And the claims adjuster asked Plaintiff's counsel to send Plaintiff's "records and bills" if Plaintiff's counsel "would like to discuss settlement."[8]

Responding that same day, Plaintiff's counsel told the adjuster that Plaintiff "had shoulder surgery and recently underwent a lumbar radiofrequency ablation."[9] Plaintiff's counsel added that "it appears [Plaintiff] had a pretty good result from both"; that Plaintiff "is close to wrapping up treatment"; and that "now would be a good time to explore early resolution before we get knee deep in litigation."[10]

On July 30, Plaintiff's counsel sent the adjuster an email update on Plaintiff's medical treatment.[11] In that email, Plaintiff's counsel told the adjuster that Plaintiff's "treatment took a turn as the [radiofrequency ablation] did not provide long lasting

---

[4] *Id.*
[5] *Id.* at ¶ VII.
[6] ECF No. 4-2 at 1.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] ECF No. 1-2 at 1.

2

benefits."[12] "So," Plaintiff's counsel explained, Plaintiff would be "undergo[ing] a discogram . . . to determine which surgery he will benefit from."[13]

On August 28, Defendants removed this case based on diversity jurisdiction.[14] The notice of removal reasons that the removal is timely because it was filed within 30 days of receiving Plaintiff's counsel's July 30 email.[15] The notice explains that before that July 30 email, Defendants "underst[ood] that the only incurred medical treatment was one [radiofrequency ablation]."[16] But the July 30 email's "references [to] a discogram and potential surgical recommendation" "increased" the "potential value of the case" and notified Defendants that the amount in controversy was met.[17]

Now, Plaintiff moves to remand, contending the removal was untimely.[18] Defendants oppose.[19]

## II.   ANALYSIS

The Court remands this case to Orleans Parish Civil District Court under 28 U.S.C. § 1447(c). That is because Defendants fail to carry their burden to show that they timely removed within 30 days after receiving "other paper from which it may first be ascertained" that the amount in controversy was met. 28 U.S.C. § 1446(b)(3).

Defendants may remove a civil case from state court to this Court if this Court would have original jurisdiction. *See* 28 U.S.C. § 1441(a). The Court has original

---

[12] *Id.*
[13] *Id.*
[14] ECF No. 1.
[15] *Id.* at ¶¶ V–VI.
[16] *Id.* at ¶ V.
[17] *Id.*
[18] ECF No. 4.
[19] ECF No. 5.

3

jurisdiction based on diversity of citizenship over civil cases between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). As the removing parties here, Defendants "bear[ ] the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). The Court "construe[s]" "[a]ny ambiguities . . . against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citation omitted). Here, it is undisputed that the requirements of Section 1332(a)(1)—complete diversity and over $75,000 in controversy—are met; the parties dispute only the timeliness of removal.

Section 1446(b) governs the timeliness of Defendants' removal. *See* 28 U.S.C. § 1446(b). The timeliness-of-removal analysis generally has two steps. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). First, the Court decides if the "case stated by" Plaintiff's "initial pleading"—here, the original petition—was "removable." *See id.* If so, Section 1446(b)(1) controls, and Defendants had to remove this case within 30 days after receiving Plaintiff's original petition. *See* 28 U.S.C. § 1446(b)(1). If not, the Court turns to step two and Section 1446(b)(3)'s "other paper" provision. *See Chapman*, 969 F.2d at 161. At step two, the Court decides if Defendants removed this case within 30 days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). If they did, the removal is timely; if they did not, the removal is untimely and remand is required.

As for step one, the "case stated by" Plaintiff's original petition was not "removable." *See Chapman*, 969 F.2d at 161. To trigger the 30-day removal period under Section 1446(b)(1), Plaintiff's original petition had to "affirmatively reveal[ ] on its face that [Plaintiff] is seeking damages in excess of the minimum jurisdictional amount" by including "a specific allegation that damages are in excess of the federal jurisdictional amount." *Id.* at 163. This is a "bright line rule." *Id.* And it is not met here: Plaintiff's original petition lacks a "specific allegation" that his damages exceed the federal jurisdictional minimum. *Id.* So the "case stated by" Plaintiff's original petition was not "removable," and the 30-day removal clock did not start ticking under Section 1446(b)(1) upon receipt of Plaintiff's original petition. *Id.* at 161, 163; *see also Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (reasoning that the removal clock was not triggered by the original complaint because it lacked a "specific allegation" that damages exceeded the federal jurisdictional minimum). Because the "case stated by" Plaintiff's original petition was not "removable," *Chapman*, 969 F.2d at 161, the Court turns to step two and Section 1446(b)(3)'s "other paper" principle.

As for step two, Defendants fail to carry their burden to show that they timely removed this case within 30 days after receiving "other paper" from which they may first have ascertained the amount in controversy was met. 28 U.S.C. § 1446(b)(3). The notice of removal posits that Plaintiff's counsel's July 30 email is the "other paper" that allowed Defendants to first ascertain that the amount in controversy was met.[20] But Defendants do not identify any information in that July 30 email that was (1)

---

[20] ECF No. 1 at ¶¶ V–VI.

dispositive of the amount-in-controversy determination and (2) not already provided in the June 18 email.[21] For example, Defendants do *not* contend that the July 30 email transformed an otherwise unremovable case into a removable one because that email first (1) referenced a discogram, or (2) revealed the possibility of a second surgery, beyond the shoulder surgery referenced in Plaintiff's counsel's June 18 email.[22] At bottom, it was Defendants' burden to make and develop these arguments if they wished to avoid remand. *See Manguno*, 276 F.3d at 723. Defendants did not do so.

To be sure, Defendants do state in their notice of removal that their "understanding" before the July 30 email was that Plaintiff's "only incurred medical treatment was one [radiofrequency ablation]."[23] But the June 18 email should have refuted that "understanding," because it confirmed Plaintiff had undergone shoulder surgery.[24] For their part, Defendants do not deny receiving the June 18 email; they ignore it entirely. Indeed, their remand opposition does not respond to Plaintiff's core argument based on the June 18 email.[25] The upshot is that Defendants simply have not met their burden to show that the July 30 email, rather than the June 18 email, is the "other paper" that triggered the 30-day removal period. 28 U.S.C. § 1446(b)(3). And because Defendants removed the case on August 28, more than 30 days after the June 18 email, Defendants fail to show the removal is timely. Remand is required.

---

[21] ECF No 1; ECF No. 5.
[22] ECF No. 1; ECF No. 5.
[23] ECF No. 1 at ¶ V.
[24] ECF No. 4-2 at 1.
[25] ECF No. 5.

The limited argument raised in Defendants' four-page remand opposition does not convince the Court that Defendants timely removed this case.[26] Unlike the notice of removal, the remand opposition does not explicitly rely on the July 30 email or even Section 1446(b)(3) to try to establish the timeliness of removal.[27] Instead, citing no authority, Defendants seem to argue that the removal clock did not start ticking until September 9—12 days *after* the August 28 removal—because only then did Defendants receive medical records that gave them "sufficient evidence regarding the amount in controversy."[28] This argument fails because Defendants cite nothing—not authority, nor anything in the record—to support it.[29] In all events, the argument reduces to the proposition that a personal-injury case cannot be removed unless and until the defendant has hard evidence *proving* the plaintiff's damages exceed the jurisdictional minimum. But that is not correct. The amount in controversy "concerns what the plaintiff is claiming," "not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (quotation omitted). So "other paper" is not limited to hard evidence like medical records; post-complaint correspondence can also count. *See, e.g.*, *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (holding that "a post-complaint letter, which is not plainly a sham, may be 'other paper' under § 1446(b)").

---

[26] *Id.*
[27] *Id.* at 1–4.
[28] *Id.* at 3.
[29] *Id.*

7

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[30] to remand is **GRANTED**. This case is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 8th day of August, 2025.

BRANDON S. LONG<br>
UNITED STATES DISTRICT JUDGE

---

[30] ECF No. 4.